UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTOPHER S. COBB, # 53051-056**                                                    **PLAINTIFF**

**VERSUS**                                                     **CAUSE NO. 3:23cv255-KHJ-MTP**

**LARON BROWN**                                                                       **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Laron Brown's Motion to Dismiss [38]. Pro se Plaintiff Christopher S. Cobb has not responded and the time for doing so has long since passed. Having considered the Defendant's submission, the record, and the applicable law, the undersigned recommends that the motion be granted, that the 42 U.S.C. § 1983 and property claims be dismissed *sua sponte*, and that this case be closed.

## BACKGROUND

Cobb, a federal inmate with the federal Bureau of Prisons ("BOP"), filed his Complaint via the prison mailbox rule on April 12, 2023. (Compl. Ex. [1-1]). He challenges the conditions of his prior confinement at the United States Penitentiary in Yazoo City, Mississippi ("USP-Yazoo City"). (Attachment Ex. [4-1] at 1). Defendant Captain Laron Brown is a correctional officer at USP-Yazoo City. (Compl. [1] at 1).

Cobb alleges that, on September 10, 2022, Captain Brown, following an argument with Cobb, wrongfully placed him in segregation and held him there for nine months, with no disciplinary conviction. (Pl.'s Resp. [26] at 1-2, 5); (Compl. [1] at 1). According to the pleadings, Cobb's time in segregation was marked with "unbearable mats . . . weeks with no toiletries, soap, toothpaste [and he] was denied access to hygiene products, clean linens and recreation." *Id.* at 2. Additionally, he allegedly had to sleep on the ground for 42 hours, was

denied a toothbrush, writing instruments, and "any mailings," which he maintains constituted further "cruel and unusual punishment." *Id.* at 4. Finally, he claims that Brown destroyed his family photos and documentation of his "ideas and inventions." *Id.* at 5. Cobb contends that USP-Yazoo City staff "ma[de] it difficult to obtain forms" and meet exhaustion deadlines and would not process grievances involving staff misconduct. (Attachment [4] at 1). Cobb sues Brown by specifically invoking 42 U.S.C. § 1983 and asserting claims under the First, Fifth, and Eighth Amendments for retaliation, due process violations, and cruel and unusual punishment. (Pl.'s Resp. [26] at 2, 4-5). For relief, Cobb seeks monetary damages. *Id.* at 4-5.

Brown moves for dismissal, arguing the claims are unexhausted and that the Complaint fails to state a claim under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971).

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, Cobb must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in the light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at

2

555)).

SECTION 1983

In his motion, Brown argues that Cobb fails to state a claim under *Bivens*. The undersigned first notes that Cobb specifically brings his claims under § 1983, not *Bivens*. Defendant, however, is a federal, not state, actor, and thus is not subject to suit under § 1983. *Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017). Rather, individual federal actors may be liable for constitutional violations under *Bivens*. To the extent Cobb is asserting § 1983 claims, the undersigned recommends that they be dismissed, *sua sponte*, as frivolous, under 28 U.S.C. § 1915e(2)(B).

*BIVENS*

The Court may construe Cobb's claims as *Bivens* claims[1] and will consider whether Cobb has stated cognizable claims under *Bivens*. He asserts that Captain Brown wrongfully held him in segregation and destroyed his personal property. In his motion, Brown contends that the segregation claims present impermissible new *Bivens* contexts, but Brown does not address the property claim. He argues that a *Bivens* claim has not been recognized for the segregation claims asserted by the Plaintiff.

I.     SEGREGATION CLAIMS

Cobb claims that Captain Brown violated Cobb's right to (1) "free speech," (2) due process, and (3) freedom from cruel and unusual punishment when placing and holding him in segregation. (Pl.'s Resp. [26] at 4).

---

[1] *Rodriguez v. Berkebile*, 5:17cv13, 2018 WL 6411353 at *1 (S.D. Miss. Dec. 6, 2018) (construing federal prisoner's § 1983 conditions of confinement claim as a *Bivens* claim).

3

First, "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 596 U.S. 482, 498-99 (2022). Therefore, the First Amendment retaliation claim fails.

Second, in considering whether to allow the Fifth and Eighth Amendment segregation claims for damages under *Bivens*, the Court must first determine whether the claims present a new context from previous *Bivens* cases decided by the Supreme Court. *Ziglar v. Abbasi*, 582 U.S. 120, 147 (2017). If the claim presents a new context, the Court must consider whether special factors counsel hesitation from recognizing an implied a right of action over the new context. *Id.* at 136, 149.

In *Bivens*, the Supreme Court found an implied right of action for damages against federal officers for unreasonable search and seizure under the Fourth Amendment. *Bivens*, 403 U.S. at 397. Since Congress had not foreclosed damages explicitly and there were "no special factors counselling hesitation in the absence of affirmative action by Congress," the Court held the plaintiff could sue the individual officers for damages arising from the Fourth Amendment violations. *Id.* at 396-97.

The Supreme Court has extended *Bivens* only twice. The Court allowed a *Bivens* action where a congressional staff member alleged gender discrimination in violation of the Fifth Amendment's due process clause. *Davis v. Passman*, 442 U.S. 228, 248-49 (1979). Later, the Court recognized a prisoner's estate's Eighth Amendment claim for failure to provide medical treatment for his asthma. *Carlson v. Green*, 446 U.S. 14, 19 (1980). These three cases represent the only contexts under which a *Bivens* claim has been so far allowed by the Supreme Court. *Ziglar*, 582 U.S. at 131.

A claim will present a new context when the case differs in a meaningful way from

4

previous *Bivens* cases decided by the Supreme Court. *Id.* at 139. The "new context inquiry is easily satisfied." *Id.* at 149. For example, a case may:

> differ in a meaningful way because of the rank of the officer involved; the constitutional right at issue . . . the extent of judicial guidance . . . the statutory or legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 139-40. The Supreme Court finds a new *Bivens* context when the plaintiff's claims differ from *Bivens*, *Davis*, and *Carlson*. *Egbert*, 596 U.S. at 492; *Ziglar*, 582 U.S. at 140, 147. The Fifth Circuit Court of Appeals also uses this trilogy to determine whether a case constitutes a new context. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "Virtually everything else is a 'new context.'" *Id.*

Applying the new context analysis to this case, neither *Bivens* nor *Davis* involved a prisoner's rights, as this case does. The only prison case of the trio dealt with a denial of medical care under the Eighth Amendment. While Cobb does present an Eighth Amendment claim, it is for his living conditions while in segregation, not the denial of medical care. Therefore, the undersigned concludes that Cobb's segregation claims based on an alleged lack of due process and cruel and unusual punishment constitute new contexts.

Having determined that these two claims represent new contexts, the undersigned considers whether there are special factors counseling hesitation before extending a *Bivens* remedy here. The threshold for a special factor to counsel hesitation "is remarkably low." *Hernandez v. Mesa*, 885 F.3d 811, 823 (5th Cir. 2018). The "inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. Thus . . . a 'special

factor counselling hesitation,' . . . must cause a court to hesitate before answering that question in the affirmative." *Ziglar*, 582 U.S. at 136. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action. *Id.* at 137.

Courts have found the Federal Tort Claims Act ("FTCA") and the BOP's Administrative Remedy Program, and the Prison Litigation Reform Act ("PLRA") all to be special factors counseling hesitation in extending *Bivens* to new contexts. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (administrative remedies); *Ziglar*, 582 U.S. at 148-49 (PLRA); *Butler v. Porter*, 999 F.3d 287, 294-95 (5th Cir. 2021) (PLRA); *Cantu v. Moody*, 933 F.3d 414, 423 (5th Cir. 2019) (FTCA). The first two are alternative remedial structures for prisoners like Cobb, while the PLRA "suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Ziglar*, 582 U.S. at 149.

Furthermore, the Fifth Circuit has also noted "separation-of-powers concerns counsel against extending *Bivens* [in another prison context because] 'running a prison is an inordinately difficult undertaking . . . which [is] particularly within the province of the legislative and executive branches.'" *Butler*, 999 F.3d at 295 (quoting *Turner v. Safley*, 482 U.S. 78-84-85 (1987)).

Having considered the special factors in this case, the undersigned recommends that those factors counsel hesitation against applying a *Bivens* cause of action to Cobb's segregation claims. The alternative remedy structure, the PLRA, and the separation of powers concerns in this case all weigh against applying a damages remedy here. Under these circumstances, the undersigned finds that Plaintiff has failed to state a claim under *Bivens* based on being placed in

segregation and recommends dismissing the segregation claims accordingly.

 II. DEPRIVATION OF PROPERTY CLAIM

The Motion to Dismiss does not address Cobb's deprivation of property claim. The undersigned, however, recommends that this claim nonetheless be dismissed, *sua sponte*, pursuant to § 1915e(2)(B).

The PLRA applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Cobb to proceed *in forma pauperis* in this action. His Complaint is, therefore, subject to *sua sponte* dismissal under § 1915.

Cobb contends that "Captain Brown has furthered his unusual torment by destroying all my property," thereby allegedly violating "prison policy rights." (Pl.'s Resp. [26] at 5-6). In other words, Cobb pleads that Brown's alleged conduct was an unauthorized taking and appears

7

to accuse him of acting intentionally.

"[A]n unauthorized intentional deprivation of property by a [government] employee does not constitute a violation of . . . Due Process . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (§ 1983); *see also Omran v. United States*, 668 F. App'x 131, 132 (5th Cir. Aug. 23, 2016) (in *Bivens* action, plaintiff failed to a state deprivation of property claim, because he did not allege the deprivation was "authorized or deliberate"). The BOP provides adequate post-deprivation remedies for the loss of property through its Administrative Remedy Program ("ARP") and the BOP's administrative tort claims procedure. 28 C.F.R. § 542.10 (ARP allows "inmate to seek formal review of an issue relating to any aspect of his/her own confinement"); 28 C.F.R. §§ 543.30-543.32 (tort claim procedure for "damages for . . . loss of property"). Additionally, "the Attorney General may settle . . . a claim for . . . loss of . . . property, caused by . . . a law enforcement officer . . . employed by the Department of Justice acting within the scope of employment that may not be settled under" the Federal Tort Claim Act. 31 U.S.C. § 3724(a).

Although Cobb alleges that USP-Yazoo City staff hindered his ability to participate in the ARP, he is admittedly no longer located at that prison. (Pl.'s Change of Address [10]). In any event, the torts claim procedure is an alternative remedy, and its forms are available "from staff in the [BOP's] Central Office, Regional Offices, Bureau institutions, or staff training centers." 28 C.F.R. § 543.31(b). The torts claim procedure requires Cobb to file his claim with the appropriate Regional BOP Office, not with the prison. 28 C.F.R. § 543.31(c). Because he has adequate post deprivation remedies available to him, this claim should be dismissed as frivolous and for failure to state a claim. *See e.g.*, *Marulanda v. U.S. Marshals Serv.*, 467 F. App'x 590,

590-91 (9th Cir. Jan. 25, 2012) (affirming summary judgment); *Smith v. Fed. Bureau of Prisons*, 2:21cv1633, 2021 WL 585760 (W.D. La. Nov. 12, 2021) (R&R for *sua sponte* dismissal), *adopted*, 2021 WL 5855324 (W.D. La. Dec. 9, 2021); *Aron v. Green*, 4:14cv109, 2014 U.S. Dist. LEXIS 65287 at *5, 11-12 (N.D. Tex. May 12, 2014) (*sua sponte* dismissal); *Salter v. Nickerson*, 5:12cv22, 2013 U.S. Dist. LEXIS 32704 at *26-28 (E.D. Tex. Jan. 25, 2013) (R&R to grant motion to dismiss), *adopted*, 2013 U.S. Dist. LEXIS 31190 (E.D. Tex. Mar. 6, 2013); *Wall v. Black*, 5:08cv274, 2009 U.S. Dist. LEXIS 90507 at *32-33 (S.D. Miss. Jul. 24, 2009) (R&R to grant summary judgment), *adopted*, 2009 U.S. Dist. LEXIS 90193 (S.D. Miss. Sept. 30, 2009).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that (1) Defendant's Motion to Dismiss [38] be GRANTED and the *Bivens* segregation claims be dismissed without prejudice for failure to state a claim. The undersigned further recommends that (2) the remainder of this case be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915e(2)(B)(i), (ii) and that (3) this case be closed.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an

aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 7th day of October, 2024.

s/ Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE
