UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER S. COBB                                                          PLAINTIFF

V.                                            CIVIL ACTION NO. 3:23-CV-255-KHJ-MTP

CAPTAIN BROWN                                                                DEFENDANT

ORDER

Before the Court is the [40] Report and Recommendation ("Report") of United States Magistrate Judge Michael T. Parker. The Report recommends (1) granting Defendant Captain Laron Brown's ("Captain Brown") [38] Motion to Dismiss and dismissing the *Bivens* segregation claims without prejudice for failure to state a claim; (2) dismissing the remainder of the case with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); and (3) closing the case. [40] at 9. For the following reasons, the Court adopts the Report in part and modifies the Report in part.

I.   Background

On April 12, 2023, Plaintiff Christopher S. Cobb ("Cobb") filed his [1] Complaint against Captain Brown. The [1] Complaint alleged that Captain Brown wrongfully placed Cobb in the Special Housing Unit ("SHU") of the United States Penitentiary at Yazoo City ("USP-Yazoo") as an "act of [r]etaliation and

discrimination" for approximately eight months.[1] [1] at 1–2. Cobb claims Captain Brown violated his constitutional rights under the Eighth Amendment because he was "subjected to [c]ruel and [u]nusual punishment . . . without [p]enological [j]ustification." *Id.* at 2. Cobb further claims that he was subject to poor conditions in the SHU. *See* [26] at 2; Letter [4-1] at 2. And while away, he also claims that Captain Brown "made [him] suffer," and "furthered his unusual torment by destroying all [of Cobb's] property," including family photos and his "ideas and inventions." [26] at 4–5; *see also* [4-1] at 1–2. Cobb also concludes that USP-Yazoo staff "make it difficult to obtain forms and reach deadlines and . . . don't process the forms when the grievance involves staff misconduct." Attachment [4] at 1.

Captain Brown moved for dismissal on July 24, 2024, arguing Cobb failed to exhaust the available administrative remedies and failed to state a *Bivens* segregation claim on which relief could be granted. [38] at 1; *see also* Mem. Supp. Mot. [39]. Cobb failed to respond. After considering the evidence, Magistrate Judge Parker recommended that the Court grant the [38] Motion to Dismiss. [40] at 9. He also recommended that the Court dismiss the remainder of the case under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). [40] at 9. Written objections to the Report were due by October 21, 2024. *See id.* The Report notified Cobb that failure to timely file written objections would "bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions

---

[1] Cobb was placed in the SHU after "ha[ving] some words" with Captain Brown. [1] at 1. And according to Cobb, he was left in the SHU because of Captain Brown's "personal i[]ll feelings [t]oward him." *Id.*; *see also* Resp. to Show Cause Order [26] at 4–5.

accepted by the District Court." *Id.* at 9–10. Cobb failed to object to the Report, and his time to do so has passed.

II.   Standard

When parties fail to object to a magistrate judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court applies the clearly erroneous, abuse-of-discretion, and contrary-to-law standards of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

III.   Analysis

A.   Section 1983

The Report recommends the *sua sponte* dismissal of any Section 1983 claims against Captain Brown as frivolous under Section 1915(e)(2)(B)(i) because he is a federal actor, and "thus is not subject to suit under [Section] 1983." [40] at 3 (citing *Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017)). That recommendation is not clearly erroneous or contrary to law, and the Court adopts it.

B.   *Bivens* Segregation Claims

The Report recommends dismissing without prejudice Cobb's *Bivens* segregation claims for failure to state a claim under Section 1915(e)(2)(B)(ii). *See* [40] at 3–7. The Court agrees these claims should be dismissed, as there is no cause of action under *Bivens*. *See id.* The Court finds, however, that this dismissal should be with prejudice, and the Report should be modified accordingly. *See, e.g., Canada*

*v. United States*, 950 F.3d 299, 303, 312 (5th Cir. 2020) (affirming a dismissal with prejudice where there was no cause of action under *Bivens*).

  C. *Bivens* Deprivation-of-Property Claim

The Report recommends the *sua sponte* dismissal of Cobb's *Bivens* deprivation-of-property claim against Captain Brown as frivolous and for failure to state a claim under Section 1915(e)(2)(B)(i)–(ii) because there is no cause of action under *Bivens*. [40] at 7–9. That recommendation is not clearly erroneous or contrary to law, and the Court adopts it.

  D. Federal Tort Claims Act ("FTCA")

In recommending that the Court dismiss the *Bivens* destruction-of-property claim, the Report reasons that Cobb could have followed the Bureau of Prisons' "tort claim procedure . . . [as] an alternative remedy." [40] at 8 (citing 28 C.F.R. § 543.32). Cobb says, however, that he did. *See* [4-1] at 1 ("I filed a tort claim[, and] it came back return to sender . . . I [f]iled it again . . . [a]s of yet I haven't heard anything.").

Under the requirement of liberal construction, this Court recognizes a potential deprivation-of-property claim under the FTCA. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up). But the Court lacks jurisdiction over any such claim. "FTCA claims may be brought against only the 'United States,' and not the agencies or employees of the United States." *Walters v. Smith*, 409 F. App'x 782, 783 (5th Cir. 2011) (per curiam) (collecting

4

cases). Because Cobb filed suit solely against Captain Brown, this Court dismisses any destruction-of-property claim under the FTCA for lack of jurisdiction. *See Gricco v. Padova*, 252 F. App'x 591 (5th Cir. 2007) (per curiam).

IV. Conclusion

The Court has considered all arguments. Those arguments not addressed would not have altered the decision of this Court. For the reasons stated above, the Court ADOPTS the Report in part and MODIFIES the Report in part, as the Order of this Court. Accordingly, the Court GRANTS the [38] Motion to Dismiss. And the Court DISMISSES any Section 1983 claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), DISMISSES all *Bivens* claims with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii), and DISMISSES any destruction-of-property claim under the FTCA for lack of jurisdiction. This case is DISMISSED. A separate Final Judgment will issue this day.

SO ORDERED, this the 8th day of November, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE